UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:08CR99 HEA |
| RONDALL ROGERS, | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Memorandum and Recommendation, [Doc. No. 67], of United States Magistrate Judge Lewis M. Blanton, pursuant to 28 U.S.C. § 636(b). Judge Blanton recommends that Defendant's Motion to Suppress an Out of Court Identification, [Doc. No. 53], be denied. Defendant has filed Objections to the Memorandum and Recommendation.

When a party objects to a magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). This includes a *de novo* review of the magistrate's findings of fact, including any credibility determinations. *Id.* The court has reviewed the entire record, including listening to the audio recording of the hearing held on September 19, 2008 and reviewing the transcript thereof.

## Discussion

Defendant does not specifically object to any findings of fact or conclusion of law, rather, Defendant resubmits his argument that Agent Diveley implicitly notified David Moore, the employee of Sides Metal Recycling who identified Defendant in the photo line up, that Defendant was under law enforcement investigation. Defendant argues that this implicit notification impermissibly suggested that Moore should select Defendant from the photo line up.

Defendant's objections and arguments are without merit. Judge Blanton thoroughly discussed the evidence which establishes the course of events and manner in which the pictures were presented. Agent Diveley's testimony established that there was absolutely no implication of any kind as to Defendant. Agent Diveley properly presented the photos and not once did he indicate any activity of Defendant. There was no mention or action which could be construed as an attempt to persuade Moore to do anything. As part of the investigation, Agent Diveley simply asked Moore if he recognized anyone in the photo line ups. Moore identified Defendant's brother by name and Defendant as an individual that had, on several occasions, accompanied Anthony Rogers.

Furthermore, as Judge Blanton correctly articulates, Moore's identification of Defendant is reliable standing on its own, even assuming a suggestive nature of the photo line up. Moore was asked to look at the pictures within a short period of

time; the identification of Defendant's brother was immediate; Moore admitted he did not know who Defendant was, only that Defendant came in with Anthony Rogers. Moore was honest and uncoached. He may have surmised the subject matter of Agent Diveley's visit, but there is absolutely no evidence to support Defendant's argument that Moore was implicitly influenced, nor that Moore's identification of Defendant was not reliable. The photo line up identification was not impermissibly obtained, and therefore, the Motion to Suppress that identification is without merit.

### Conclusion

Having conducted a *de novo* review of the Motion to Suppress an Out of Court Identification and the record before the court, Defendant's objections are overruled. The Report and Recommendation contains a very thorough analysis of the facts and applicable law. The Court, therefore will adopt Judge Blanton's Recommendation.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Suppress an Out of Court Identification, [Doc. 53], is **DENIED**.

Dated this 7th day of January, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE